Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
KAREN WEBB

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

KAREN WEBB,                    )  Case No.:  **'13 CV 0285 GPC KSC**
                              )
            Plaintiff,         )  **COMPLAINT**
                              )
      v.                       )  **(Unlawful Debt Collection Practices)**
                              )
ADMIN RECOVERY, LLC.           )
                              )
            Defendant.         )
                              )
                              )
                              )
_____)

## VERIFIED COMPLAINT

KAREN WEBB (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against ADMIN RECOVERY, LLC.    (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in El Cajon, San Diego County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with offices in Clarence, New York.

## FACTUAL ALLEGATIONS

10. In or around November of 2012, Defendant placed at least one collection call to Plaintiff seeking and demanding payment for a debt.

11. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at 619-504-44XX.

13. In or around November of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Joe" failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

15. In the voicemail message, Defendant's representative, "Joe", directed Plaintiff to call

PLAINTIFF'S COMPLAINT

him back at 1-855-282-7283, which is a number that belongs to Defendant.  *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a.   Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

    b.   Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    c.   Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    d.   Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, KAREN WEBB, respectfully requests judgment be entered against Defendant, ADMIN RECOVERY, LLC. for the following:

18. Statutory damages of $1000.00  pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

//

PLAINTIFF'S COMPLAINT

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*. to wit: Section 1692d and 1692e.

WHEREFORE, Plaintiff, KAREN WEBB, respectfully requests judgment be entered against Defendant, ADMIN RECOVERY, LLC.  for the following:

23. Statutory damages of $1000.00  pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

24. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

25. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  February 5, 2013        KROHN & MOSS, LTD.

By: /s/Ryan Lee

Ryan Lee
Attorney for Plaintiff

- 4 -